### CHURCH vs. LANDERS.

A *wife*, in the absence of her husband, may hire out the horse of her husband, and *trover* will not lie for the possession thus obtained, unless it be shewn that the husband had constituted some other person his agent, to take charge of his property in his absence.

THIS was an action of *trover*, tried at the Chenango circuit in October, 1831, before the Hon. ROBERT MONELL, one of the circuit judges.

The action was brought to recover the value of a horse let to hire by the *wife* of the plaintiff, in the absence of her husband, to the defendant to go a journey of 35 miles ; the horse died while in the possession of the defendant. The plaintiff was from home, attending to the business of rafting lumber. When he left home, he told his wife she must not let the horse go in any case, unless for a doctor. There was no proof that the defendant knew of this prohibition. The judge charged the jury that a wife, as such, had no authority to lend or hire the horses or oxen of her husband, she generally having nothing to do with such property ; that the husband might constitute her his general or special agent in reference to his business, and whether she could be considered as having acted as his agent in this instance he submitted to the jury upon the evidence which had been given in this case, which rather went to show that he disapproved of such interferences by his wife. The jury found for the plaintiff a verdict of $94, the value of the horse, with interest. The defendant moved for a new trial.

*J. Clapp*, for the defendant, insisted that where a husband leaves his wife in the possession of his property, she is, during his absence, necessarily his agent, and the husband is bound

by her acts.    He cited 1 *Comyn on Cont.* 178 ;  1 *Esp. R.* 142.
2 *Starkie's Ev.* 57 ;  *Bingham,* 255, n.

*J. C. Clark,* for plaintiff.

*By the Court,* SUTHERLAND, J.  A new trial must be granted in this case.   The wife, in the absence of the husband,
must be considered as having a general authority to exercise
the usual and ordinary control over his property, which must
be possessed by some one ; unless it be expressly shewn that
he had constituted some other person his agent for that purpose.   Nothing of that kind appears in this case.   That the
plaintiff once told his wife that she must not let or lend his
horse, except to go for a doctor, was proved ; but it was a
mere private communication, not known to the defendant or
published so as to be generally known.