## Ford vs. Monroe.

In an *action on the case* for *negligence* in driving a carriage, whereby the son of the plaintiff was run over and killed; IT WAS HELD, that the *loss of service* of the child, and *expense* occasioned by the sickness of the plaintiff's wife, caused by the shock to her maternal feelings, were proper items of damage: the same being laid as *special damage* in the declaration.

In an action against a *master* for the *negligence* of his *servant,* it cannot be urged on a motion for a new trial, that the evidence did not establish the relation of master and servant, if such objection was not taken on the trial, either by motion for a non-suit, or by calling the attention of the judge to the point in his charge to the jury.

THIS was an *action on the case,* tried at the Saratoga circuit in May, 1833, before the Hon. ESEK COWEN, then one of the circuit judges.

The declaration charged, that by the *negligence* of a servant of the defendant in driving a gig, a son of the plaintiff of the age of about ten years, was run over and killed. In one of the counts it was alleged, by way of *special damage,* that in consequence of the occurrence, the wife of the plaintiff became sick, and remained so for a long time, and that the plaintiff was not only deprived of her society, but was subjected to great expense in attendance upon her and in effecting her recovery ; and in another of the counts, the damage alleged was the *loss of the service of the child* for a period of ten years and upwards. The happening of the accident and the sickness of the plaintiff's wife as alleged in the declaration were proved. The judge instructed the jury that the only question in the case was whether the servant had been guilty of *negligence ;* that if they should find that he was chargeable with negligence, that then the plaintiff would be entitled to recover such sum by way of damages as they should be of opinion the *service of the child* would have been worth to him until he became 21 years of age; and also that he was entitled to recover the damages occasioned by his wife's sickness, consequent upon the accident. The jury found a verdict

Ford *v.* Monroe.

for the plaintiff with $200 damages. The defendant moved for a new trial.

*W. L. F. Warren,* for the defendant.

*N. Hill, jun.,* for the plaintiff.

*By the Court,* NELSON, Ch. J.  The main ground urged in support of the application for a new trial is, that the proof failed to establish that the servant was acting in the business of the master, or within the scope of his authority. The answer to which is that the point was not made upon the trial, neither in the motion for a non-suit or after the testimony had closed. The cause seems to have been tried and defended upon the assumption of the existence of the relation of master and servant between the defendant and the person driving the carriage. Had the objection been taken, more full proof might have been called out, so as to have placed the question beyond doubt. If the point had been put forth in due season, as the evidence stands, the judge would have been bound to have submitted it to the jury, and their verdict would have been well warranted. It would therefore be unreasonable to disturb the verdict upon the ground now urged, as the counsel did not choose to avail himself of it when it could have been removed by his adversary by the production of further proof, or met by going to the jury upon that already given.

The damages were specially laid in the declaration, and were clearly proved to have been the direct consequence of the principal act complained of ; they therefore came within the well settled rule respecting *special damage.*

New trial denied.