## EDGERTON *against* THOMAS.

A husband who is present at the execution of a mortgage by his wife of his personal property, and who assents to the execution, is as effectually bound by the mortgage as if executed by himself. It is in effect his mortgage.

ACTION for the wrongful taking and conversion of two oxen, twenty tons of hay, a quantity of oats, barley, &c., the property of Edgerton.

The property was taken by the defendant as sheriff of Delaware county, on the farm occupied by Charles L. Strong and wife, and by virtue of an execution against Strong, who, the defendant insisted, was the owner of the property taken. The farm had been conveyed by the relatives of Mrs. Strong to trustees for her use, the rents and profits to be received by her free from the control of her husband. Mrs. Strong and her husband had resided on the farm some time, but the wife had directed its management, and borrowed money of the plaintiffs on her own account, with which she purchased the oxen sold by the defendant, and also seed wheat, &c., for the farm. The crops taken were raised on the farm. Prior to the levy, Mrs. Strong, to secure the payment to the plaintiff of her indebtedness to him, executed to him a chattel mortgage upon the property in question. Her husband was present when the mortgage was executed, and assented to it. By virtue of this mortgage the plaintiff claimed the property.

The defendant insisted that the trusts in the deed of the farm were not such as were allowed by statute, and that the fee therefore vested in Mrs. Strong; that her husband as *tenant by the courtesy initiate* was the owner of the rents and profits, and that the property in dispute was therefore liable to seizure on execution against him.

Edgerton *against* Thomas.

The cause was brought to trial in October, 1850, at the Delaware circuit, before Mr. Justice SHANKLAND, a jury being waived. Judgment was rendered for the plaintiff for the whole amount claimed, and affirmed on appeal to general term.

*S. Beardsley* for the appellant.

*N. Hill, Jr.* for the respondent.

WILLARD, J., delivered the opinion of the court.

As between the plaintiff in this cause and Charles L. Strong, the bill of sale and mortgage were a valid and effectual transfer of the property from the latter to the former. Strong stood by and saw his wife execute those instruments with a view to secure the plaintiff for his cash advances to her, and assented to it. She then became his agent for that purpose, and he is as much bound as if he had executed them himself. In *Hopkins* v. *Mollineux* (4 *Wend*, 465), it was held that the wife may act as the agent of her husband, and a subsequent acknowledgment or ratification of her acts by the husband is evidence of and equivalent to an original authority. (*Church* v. *Landers*, 10 *Wend.*, 79; *Riley* v. *Suydam*, 4 *Barb.*, 222; *Prestwich* v. *Marshall*, 4 *C. & P.*, 594; *Miller* v. *Delamater*, 12 *Wend.*, 433.) This case is stronger than any of those cited, as the husband was by and expressly assented to the act of the wife. It is therefore as obligatory upon him as if it had been his personal act.

The defendant claiming the property under the execution against Strong, can have no better right than Strong himself had. If Strong had previously parted with his title, either by his personal act, or through the intervention of an agent, the sheriff could obtain none by levy under the execution. The sheriff could seize only the property of Charles L. Strong.

The objections at the trial were not intended to raise the question whether the sale to the plaintiff was with intent to defraud the creditors of Strong. Even had they assumed that shape, the evidence does not tend to prove fraud. There was a good consideration for the sale. But the case arises on bill of exceptions, and the defendant can insist upon no point which was not distinctly presented in the court below. (*Staring* v. *Bowen,* 6 *Barb.,* 109; *Ford* v. *Monroe,* 20 *Wend.,* 210.) The ground taken there was that the property belonged to the husband, and the wife could not sell it. The proof is that the wife sold it with the assent of the husband. This fact was not disputed, and it clearly presents a different question from that relied on by the defendant.

Whatever may have been the decision of the court below on the other points, the one just considered is decisive of the action. If the property belonged to the plaintiff at the time of the levy and sale, and not to Strong, the execution debtor, the plaintiff was entitled to recover.

Morse, J., was not present.

All the other Judges concurring,

Judgment affirmed.