## EDGERTON *against* THOMAS.

*Husband and wife; wife's separate estate; chattel mortgage.*

ACTION to recover for the wrongful taking and conversion of two oxen, twenty tons of hay, a quantity of oats, barley, &c., the property of Edgerton.

The property was taken by the defendant, as sheriff of Delaware county, on the farm occupied by Charles L. Strong and wife, and by virtue of an execution against Strong, who, the defendant insisted, was the owner of the property taken. The farm had been conveyed by the relatives of Mrs. Strong to trustees for her use, the rents and profits to be received by her free from the control of her husband. Mrs. Strong and her husband had resided on the farm some time, but Mrs. Strong had directed its management, and borrowed money of the plaintiff on her own account, with which she purchased the oxen sold by the defendant, and also seed wheat, &c., for the farm. The crops taken were raised on the farm. Prior to the levy, Mrs. Strong, to secure the payment to the plaintiff of her indebtedness to him, executed to him a chattel mortgage upon the property in question. Her husband was present when the mortgage was executed, and assented to it. By virtue of this mortgage the plaintiff claimed the property. The defendant insisted that the trusts in the deed of the farm were not such as were allowed by statute, and that the fee of the farm therefore vested in Mrs. Strong, and that her husband, as tenant by the *curtesy initiate*, was the owner of the rents and profits. That the property in dispute was therefore liable to seizure on execution against him.

Without passing upon the question so raised, the court *held*, that if Mr. Strong was the owner of the

property in question at the time of the execution of the mortgage, by standing by and assenting to the execution of the mortgage by his wife, his right in the property was as effectually bound as if he had himself executed the mortgage. That it was in effect his mortgage.

That the mortgage having been executed for a good consideration, and there being no proof or claim on the part of the defendant that it was designed to defraud creditors, the plaintiff was entitled to recover the value of the property.

(S. C., 9 N. Y. 40.