## NICKERSON *versus* HARRIMAN.

By § 23, c. 154, R. S., every master of a vessel, who shall knowingly transport out of the State, any person under the age of twenty-one years, without the consent of his parent, master and guardian, shall be punished by a fine, and shall be liable to such parent, &c., for all damages sustained, *in an action on the case.*

No *vindictive* damages were intended to be given to the father by this enactment.

In *such action,* the measure of damages is compensation for the pecuniary injury or loss resulting from such transportation.

And it is for the direct consequences of his own act, and not for the act of God, that *such master* is responsible.

Thus, if the minor, who is transported, dies at the termination of the outward voyage, no damages can be recovered by his father, of the master, for the loss of his son's services, *after* his death.

ON EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.

CASE, based on c. 154, § 23, of R. S. The defendant was master of a vessel.

The evidence in the case tended to show, that the defendant shipped on board of his vessel, the plaintiff's minor son, knowing him to be a minor, and transported him out of the State, without the consent of his father. Within a few days after his arrival at the port of destination, the son died.

Several requested instructions by the defendant were refused. On the subject of damages, the presiding Judge ruled thus: —

If the jury should find, that the defendant, without the *consent* of the plaintiff, transported his minor son out of the State, *knowing him to be a minor,* and that he died at the time and place and in the manner testified to by the witnesses, they would be authorized to assess damages for the loss of the services of said minor from the day he was transported out of the State by the defendant, (exclusive of the wages earned on the voyage,) *until he would have arrived to the age of majority,* if he had lived, making all reasonable and proper deductions for the expense of boarding, clothing, schooling and doctoring him; and also making

proper allowance for the *probabilities of sickness and death*, had he not been transported out of the State by the defendant.

The defendant excepted to the instructions.

*Abbot*, in support of the exceptions.

*Palmer, contra,* cited Sedgwick on Damages, c. 23, ¶ 1, p. 90, note; 2 Richardson, 455 and 648.

APPLETON, J. — The R. S., c. 154, § 23, imposes upon " any master or commander of any ship or vessel, who shall knowingly carry or transport out of this State any person under the age of twenty-one years, or any apprentice or indented servant, without the consent of his parent, master or guardian, a fine not exceeding two hundred dollars," and makes him further liable to such parent, master or guardian, in an action of the case. This suit is brought by the father, for the damages sustained in consequence of the defendant's having knowingly carried or transported his minor son out of the State. The son died within a few days after his arrival at the outward bound port, but no allegation to that effect is set forth in the writ.

The material question presented for determination is, whether the rule given to the jury for their guidance in assessing damages is correct. The instruction complained of, was " that if they should find, that the defendant, without the consent of the plaintiff, transported the plaintiff's minor son out of this State, knowing him to be a minor, and that he died at the time and place and in the manner testified to by the witnesses, they would be authorized to assess damages for the loss of the services of said Loren B. from the day he was transported out of the State by the defendant, (exclusive of the wages earned on the voyage,) until he would have arrived to the age of majority if he had lived, making all reasonable and proper deductions for the expense of boarding, clothing, schooling and doctoring said Loren B.; and also making a proper allowance for the pro-

babilities of sickness and death, had he not been transported out of the State by the defendant."

The cases where punitory or vindictive damages are allowed are few, and little reason is perceived for enlarging their number. The true measure of damages is, compensation for the pecuniary injury or loss, which directly results from the cause of action. The circumstance, that besides giving an action for "damages sustained," a penalty is imposed, would lead to the conclusion, that vindictive damages were not intended to be given.

The instruction given, practically, made the defendant an insurer of the life of the plaintiff's son, and as he died, required the jury to assess the probable value of his net earnings to the time of his majority, calculating the ordinary chances of life. It makes him responsible for his death, though the result might have been the same, had he remained at home.

By the common law no value is ever put upon human life, to be recovered by way of damages in an action. *Carey* v. *Berkshire R. R. Co.*, 1 Cush. 475. In England, by stat. 9 & 10, Vict. c. 93, an act was passed " for compensating families of persons killed by accident, the second section of which enacts, " that in every such action the jury may give such damages as they may think proportionate to the injury resulting from such death, to the parties respectively, for whose benefit such action shall be brought." In the construction of this Act it was held, that the jury in assessing damages, are confined to injuries of which a pecuniary estimate can be made, and cannot take into consideration the mental suffering occasioned to the survivors by the death for which damages are sought to be recovered. " The measure of damage," says COLERIDGE, J., in *Blake* v. *Midland Rail-way Co.*, 10 Eng. Law & Eq. 436, " is not the loss or suffering of the deceased, but the injury resulting from his death to his family."

If an action cannot be maintained for the loss of life, at common law, it would seem, necessarily, to follow, that they

could not be indirectly assessed, when if directly claimed they would be denied. In *Baker* v. *Bolton*, 1 Camp. 493, which was an action for negligence, whereby the plaintiff's wife was killed, Lord ELLENBOROUGH said "the jury could only take into consideration the bruises which the plaintiff had himself sustained, and the loss of his wife's society, and the distress of mind he had suffered on her account, from the time of the accident till the moment of her dissolution. In a civil Court, the death of a human being could not be complained of as an injury; and in this case *the damages as to plaintiff's wife must stop with the period of her existence.*" So here, if the father cannot recover for the negligent or wilful killing of his son, he should not be permitted to recover the probable pecuniary value of his future net earnings. If, when death is the direct and immediate consequence of a wrongful or negligent act, compensation is not recoverable, still less can it be, when at the most, it is but an indirect or remote and uncertain result.

The statute gives damages to the parent, master and guardian. The relation of the plaintiff to the person carried away or transported, indicates the measure of damages, and that they are to be assessed upon common principles in each case. The parent is entitled to the services of his child, and is liable for his maintenance. A similar relation exists between the master and his apprentice. It is for this reason, that each can maintain an action. The law does not give pecuniary compensation to the father for wounded feelings or mental agony. Nor is the defendant to be punished for the act of God.

The true rule, as to the measure of damages, may be ascertained by recurring to those cases, where actions have been brought by a master for the loss of service of his servants against those by whom they have been enticed away. In *Hambleton* v. *Vere*, 3 Saund. 169, it was held, that the master in an action for procuring his apprentice to depart from his service, could only recover for the loss of service up to the commencement of the suit, for the apprentice

might have returned after action brought. In an action on the case for enticing away the plaintiff's servants, the measure of damage is the injury done him by causing them to leave his employment. "He is entitled to recover," says RICHARDSON, J., in *Gunter* v. *Aston*, 4 Moore 12, " damages for the loss he sustained by their leaving him at that critical period." In *Hayes* v. *Borders*, 1 Gilman, 46, it was held, that the plaintiff was entitled to recover for the value of the services lost, up to the time of the commencement of the suit, and the reasonable expenses necessarily incurred in getting his servant back and damages for loss of time and trouble, and injury sustained till the commencement of the suit, in consequence of the wrongful act complained of. In *McCarthy* v. *Guild*, 12 Met. 291, it was held, in an action under a statute of Massachusetts, which declares " that any owner or keeper of a dog shall forfeit to any person injured by such, *double the damages by him sustained*, that when a father brings an action for an injury done his minor child, he is only entitled to recover for the loss of his services and the expenses of his cure.

In *Wright* v. *Gray*, 2 Bay. 464, and in *McDaniel* v. *Emanuel*, 2 Rich. 455, the actions were brought for the loss of slaves in consequence of the tortious acts of defendants. But a slave is regarded by the law of South Carolina as a mere chattel, not as a man, clothed with the attributes and entitled to the rights and enjoyments of a common humanity. Trover may be brought for his conversion. Trespass may be maintained for an injury done to him. The right of property in the master over him is the same as over his ox or his horse, and if injured or destroyed he is entitled to compensation. But neither the father nor the master have any such right over, or property in, the son or the indented apprentice. The cases cited by the learned counsel for the plaintiff do not apply. *Exceptions sustained.*

*New trial granted.*

SHEPLEY, C. J., and TENNEY, HOWARD and HATHAWAY, J. J., concurred.