## LA FARGE *vs.* MANSFIELD and others.

Where it appears from the terms of a lease of a store in a building being erected by the lessor, and from the subsequent acts of the parties, that they understood the property rented was to be a finished store, fit for immediate occupancy for the purposes for which it was leased, a covenant in the lease, on the part of the lessor, will be implied, that the store shall be finished and fit for use as a store, by the time stipulated for the commencement of the term. INGRAHAM, J. dissented.

Where lessees have never in fact taken possession of the demised premises as tenants, they can only be made liable for the rent upon their covenants, as for a breach of an executory contract.

In such a case, to entitle the lessor to recover the rent, it is incumbent on him to show that he has performed on his part.

If the lessees have taken possession, so that they became vested with the term, a breach of the agreement, on the part of the lessor, will constitute no defense to an action to recover the rent reserved. They can only recoup the damages actually sustained.

THIS was an action on a guaranty. The plaintiff executed a lease to Joseph A. Weibel and William S. Clirehugh, for the term of five and a half years, and the defendants executed a guaranty on behalf of the lessees. The premises were certain rooms in the La Farge Hotel. The lease provided that, if the premises should be rendered untenantable by fire, the term should thereupon immediately cease. The term was to commence on the 1st day of November, 1853, and the building was destroyed by fire on the 7th day of January, 1854. The plaintiff claimed rent from November 1, 1853, to January 7, 1854. The premises were demised as a store, consisting of one front room on the first floor, with a basement room beneath it, to be used as a bathing and hair dressing establishment, and for a gentlemen's furnishing and perfumery establishment, and for no other purpose. The plaintiff stipulated with the lessees that the latter should expend not less than $5000 in the decorations, fixtures and furniture of the store. He agreed, on his part, to do the plumbing work; to lay the steam pipes, to heat the store; to lay a marble floor, and to have the store in tenantable order for the lessees, by the 1st of November. It was upon these express conditions

that the lease was given by him and taken by the lessees. The plaintiff represented that the hotel connected with the store, and upon which it mainly depended for its business, would be ready and all finished by November 1, 1853. The hotel was not open for business at the time of the fire, January 7, 1854. The above agreements between the plaintiff and the lessees were made before the execution of the lease. The lease was executed on the 19th of September, 1853. At that time, the La Farge Hotel was building. The rooms in question then were wholly unfinished; there were no windows, the floors and doors were incomplete, and the stairs leading from the basement to the first floor were not built. The plaintiff's men were at work on the premises when the lease was made, and continued at work there till November, and thence until the fire occurred. The locks were put on the doors the week next before the fire. Up to the time of the fire, the plaintiff's men daily opened and shut the premises. In the mean time, the lessees were preparing the premises for their use, but had not completed the preparations, nor commenced the business for which they took the lease. The arrangements for heat, steam and hot water were to be furnished by the plaintiff, and his men were at work upon the same. The supply was to come by pipes, from a furnace and boiler in the hotel part of the building. This apparatus was nearly done, and would have been ready for use the day after the fire. The hotel itself, with which the store was connected, and upon which it mainly depended for business, had not gone into operation at the time of the fire. There was some diversity in the evidence as to the state of forwardness of the premises, but none as to the fact that the premises had not become capable of the use mentioned in the lease, nor had it been put to such use at the time of the fire. The plaintiff had a verdict for the amount claimed. The defendants made a case with exceptions, and had leave to move upon the same for a new trial, at the general term, in the first instance.

The defendants' counsel requested the court to charge that

the jury might imply a covenant that the building should be completed by the landlord by the 1st day of November. The court refused so to charge, and the defendants' counsel excepted. The defendants' counsel also requested the court to charge that no rent accrued while the landlord, by his workmen, was in the premises doing work for him; or before the windows were glazed; or before the premises were so far completed by the landlord as to allow of the same being immediately used for a hair dressing and bathing saloon. The court refused so to charge, in either particular, and the defendants' counsel excepted.

*Charles Tracy*, for the appellants.

*John A. Bryan*, for the respondent.

PRATT, J. It is pretty difficult to ascertain, from the exceptions, what point the counsel for the defendants designed to raise, and the points upon which the case was put to the jury. The principal witness for the defendants testified that, before the time for the commencement of the term, the tenants were allowed to occupy the premises for the purpose of preparing them for their business; and that they so occupied them, in conjunction with the workmen of the plaintiff, up to the time of the fire; but that the store had never been used by the lessees, or opened by them to the public.

It seems to me from the testimony, that there was a fair question, to be submitted to the jury, whether the lessees had, in fact, ever taken possession of the store, as tenants. If they had not, then they could only be made liable for the rent upon their covenants as for a breach of an executory contract. In such case, it would be incumbent on the plaintiff, to entitle him to recover, to show that he had performed on his part. If the lessees took possession, so that they became vested with the term, a breach of the agreement, on the part of the lessor, would constitute no defense to an action to recover the rent

reserved. They could only recoup the damages actually sustained. But, as this raised a fair question to be submitted to the jury, it became important to inquire whether there might not be implied in the lease a covenant, on the part of the lessor, that the store should be finished and fit for use, as a store, by the time stipulated for the commencement of the term. If there could be no such covenant implied, on the part of the lessor, then it was immaterial whether the lessees took possession or not, or whether the store was fit for use or not. It seems to me, therefore, that the true construction of the lease was the first thing in order, in going to the jury, and the counsel for the defendants was entitled to a correct ruling upon that.

The question then arises, was there any such implied covenant? My impression is that such a covenant should be implied. The lease should be construed in the light of the surrounding circumstances. It was the lease not of a lot with erections, but of a single store in a large building then in the course of being erected by the landlord. It can scarcely be assumed that the parties contemplated a store in a half finished state, by the term store. And the subsequent acts of both parties, if any thing else was wanted, show that the parties understood that it was to be a finished store, fit for immediate occupancy for the purposes for which it was leased. I think, therefore, that there was error in refusing to instruct the jury as requested.

As the judge refused to instruct the jury that such a covenant might be implied, it would, of course, be futile to go to the jury upon the question of actual occupancy by the lessees; and it must be, therefore, assumed that no such question was submitted to them. Indeed, it is difficult to perceive what question of fact was left to be submitted to the jury, after a refusal to instruct them that a covenant to have the store in readiness for occupancy on the 1st of November might be implied.

La Farge *v.* Mansfield.

Upon the whole, I think a new trial should be granted. (*Mayor &c. of New York* v. *Mabie,* 3 *Kernan,* 151.)

ROOSEVELT, P. J. concurred.

INGRAHAM, J. (dissenting.) It is not necessary to decide whether the jury could imply a covenant that the buildings leased by the plaintiff should be completed by the 1st of November. If there was any such covenant to be implied, the defendants do not seek to recoup any damages therefor; and this would be the only way in which the breach of such a covenant could be made available to the defendants, after they had taken possession of the premises leased to them.

A tenant has no right to take possession of premises hired by him, and, at the same time, claim that he is relieved from the payment of rent, because some part of the premises is not in a condition such as he contemplated it should be at the time of the hiring. If he is entitled to any redress therefor, he must either claim it, by way of damage, or abandon the premises entirely. The cases cited by the defendants, of *Trull* v. *Granger,* (4 *Seld.* 115,) and *The Mayor &c. of New York* v. *Mabie,* (3 *Kernan,* 151,) go no further than to allow a party damages by way of recoupment, for a breach of an implied covenant of possession.

The answer merely denies that any liability exists, because the premises were not completed; and that the defendants never had possession. This point covers all the alleged errors of the court in refusing to charge the jury as requested by the defendants' counsel.

The same principle disposes of the other objections of the defendants' counsel. It is said that the lessees never had possession of the premises; but, as this point was distinctly made in the answer, the finding of the jury must be considered conclusive, upon that defense. If the tenants did take possession, then, having retained possession, while the premises were not completely finished, they should either have completed them

at their own expense, and charged the cost to the landlord, or asked redress in their answer, by way of damage. Not having done either, I see no relief to be obtained by them in this action for the recovery of the rent.

New trial granted.

[NEW YORK GENERAL TERM, June 4, 1859. *Roosevelt, Pratt* and *Ingraham,* Justices.]