## EUGENE CAMERLIN *vs.* PALMER COMPANY.

An abandonment of a married woman by her husband gives her the authority to put out her minor children to proper service and to assign their wages, for the purpose of aiding in the support of the family.

If an interpreter is employed as an agent to communicate an offer, which is accepted, the offer as communicated by him is admissible in evidence against his principal, for the pur- pose of proving the contract, without proof that he truly interpreted the offer which he was authorized by his principal to communicate.

If, in an oral agreement made through the medium of an interpreter, the language used is in dispute and is confused, it is proper to leave it to the jury to determine upon all the evidence what the contract was.

CONTRACT brought to recover the wages of the plaintiff's minor children. The action was brought for the benefit of James B. Atwood, to whom the plaintiff had assigned the claim.

At the trial in the superior court, before *Wilkinson*, J., the de- fendants relied in defence upon a prior assignment of the wages by the plaintiff's wife to O. F. Packard, and introduced evidence tending to show that the plaintiff had temporarily abandoned her, without leaving her in possession of any means of support for herself and a large family of children, and that while he was thus absent his wife put some of the children into the service of he defendants.

She was a French woman and could not speak English, and Packard could not speak French. In order to prove an assign- ment of the children's wages to Packard, the defendants called as a witness Lucy Mongois, who testified that at the time re- ferred to she went with Mrs. Camerlin at her request, to act as interpreter for her, to the shop of Packard; and Packard was

then called, and allowed, under objection, to testify to what Lucy said that Mrs. Camerlin said at that interview. He accordingly testified as follows : " Lucy said, Mrs. Camerlin wants to get some goods. I said, if I could have my pay at the counting-room it would be all right, and told her to ask Mrs. Camerlin if I could take my pay at the counting-room. She talked to her in French, and the reply was, Yes. Nothing further was said about the contract. I said they could not take up any faster than they earned. I notified the agent of the defendants what the bargain was, and he assented to it."

The plaintiff called Lucy, who testified' that the conversation at that interview was as follows : " Mrs. Camerlin said she would not give Mr. Packard an assignment of the children's wages, as the defendants' agent would not allow any one who assigned his wages to remain in the employment of the company, but that she could get the children's wages and come and pay him every month ; that she told Packard this, and he thereupon agreed to furnish her goods."

The plaintiff asked the court to rule that there was no evidence of an assignment of the wages to Packard ; but the judge instructed the jury that, the language of the parties being equivocal, it was for them to determine whether Mrs. Camerlin assigned the wages to Packard, and whether they both understood the wages to be assigned by this conversation ; and that there was sufficient evidence from which they might infer an agency on her part to assign the wages, and left it to them to say whether or not the plaintiff had made her his agent, either by appointment or abandonment.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*G. M. Stearns,* for the plaintiff, cited *Gregory* v *Pierce,* 4 Met. 478 ; *Wodell* v. *Coggeshall,* 2 Met. 89 ; *Shaw* v. *Thompson,* 16 Pick. 198.

*N. A. Leonard,* for the defendants.

DEWEY, J. 1. In case a husband leaves his wife and home for months, and suffers his children to reside with her without the means of support, he is liable for necessaries furnished for

herself and children. This position of the wife draws with it the implied authority to make suitable provision for the family, and authorizes her to act as his agent as to such supplies, and to employ the children at proper service in aid thereof. The wife, in the case supposed, must be considered as the agent of the husband to exercise the usual and ordinary care over the affairs of the household, and to contract for the services of the children for short periods, and to apply their earnings to her and their support. As cases bearing upon this point, we may refer to *Church* v. *Landers*, 10 Wend. 79; *Rumney* v. *Keyes*, 7 N. H. 571; *Hall* v. *Weir*, 1 Allen, 261; *Wodell* v. *Coggeshall*, 2 Met. 89; *Rotch* v. *Miles*, 2 Conn. 638; *Dumain* v. *Gwynne, ante*, 270. The court properly instructed the jury that it was competent upon the evidence to find such agency on the part of the wife. It was enough that such agency was shown, combining the facts of the abandonment by the husband, and the necessities of the family, and the fitness of employing the children in the service in which they were engaged. Such agency authorized the wife to assign their earnings for the support of the family to Packard.

2. The ruling of the court upon the admission of evidence as to what was stated by the interpreter, Mrs. Mongois, as Mrs. Camerlin's statements at the interview between her and Packard, was correct. The interpreter was the agent of Mrs. Camerlin, employed by her to communicate with Packard, and the statements made through such interpreter to him as to what she said are to be taken to be truly stated, and the admission of such statements would be no violation of the rules of law excluding hearsay evidence.

We have an early case upon this point, in *Fabrigas* v. *Mostyn*, reported in 20 Howell's State Trials, 123, where an interpreter had been employed to communicate certain proposals and receive the answer of the other party, and the question was, whether the words of the interpreter could be given in evidence by a witness, or whether the interpreter himself ought to be called, as the witness neither understood the question put to the party nor the answer made by him; and it was held by Gould, J. that the evidence of the witness was clearly admissible. In

such case the interpreter is the accredited agent of the party, acting within the scope of his authority in the execution of his agency.

3. The evidence was properly submitted to the jury to pass upon the question what was the actual agreement and understanding of Mrs. Camerlin and Packard, as to an assignment of the wages earned by the children. The facts bring this case within the case of *Thruston* v. *Thornton*, 1 Cush. 89, upon this point. *Exceptions overruled.*