SARAH C. HAYES, Respondent, v. MICHAEL PHELAN, Appellant.

*Laws of 1873, chap. 646 — when action lies under, against vendor of intoxicating liquor.*

A complaint, alleging that the death of plaintiff's husband was caused by intoxication, caused by liquors sold to him by defendant, and that by his death plaintiff had sustained damages, in being deprived of the companionship of her husband and of the customary support and maintenance of herself and children, does not state a cause of action under chapter 646 of the Laws of 1873.

The meaning of the statute is to throw the responsibility for injurious acts of an intoxicated person on the vendor or giver of the intoxicating liquor, but not to make him liable for all results arising from the sale or gift of the liquor.

A right of action exists against the vendor or giver of the liquor only in cases where it lies also against the intoxicated person.

A statute should receive a strict construction, which imposes a liability for injuries indirectly, if at all, occasioned by an act which is not forbidden by law.

APPEAL from an order overruling a demurrer to the complaint.

*A. Schoonmaker, Jr.*, for the appellant. It is a fundamental rule of law that no person is liable in damages for the necessary or natural consequences of a lawful act. (*Radcliff's Executors* v. *Mayor, etc.*, 4 Comst., 185; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y., 42, 47; *Selden* v. *Del. and Hud. Canal Co.*, 29 id., 634, 642; *Kellinger* v. *Forty-second St. R. R. Co.*, 50 id., 206, 210; *Townsend* v. *N. Y. C. R. R. Co.*, 56 id., 295.) There is no allegation that the earnings of the deceased were applied by him to the support of his wife, nor that the plaintiff had any title to such earnings, nor that if plaintiff had lived he would have earned anything, or that such conjectural earnings would have belonged to the wife, or have been applied to her support; nor is the amount or nature of his earnings anywhere alleged. (*Schneider* v. *Hosier*, 21 Ohio, 98.) The complaint does not show where the sale of liquor was made; whether in the State of New York or out of it. This is a jurisdictional fact and must affirmatively appear. (*Beach* v. *Bay State Co.*, 30 Barb., 433; *Whitfield* v. *Panama R. R. Co.*, 23 N. Y., 465.) The act does not contemplate nor create a cause of action founded on the death of any of the persons named therein. The

act is in derogation of the common law, and must be strictly construed. (*Freese* v. *Tripp*, Chic. Leg. News, Aug. 1, 1874; cited 5 N. Y. S. C., 105.) The damages claimed as the result of plaintiff's husband's death are of two kinds : 1. Loss of companionship and society, and the grief and distress of mind thus produced. 2. Loss of means of support. The first class of damages finds no sort of warrant in the statute, and has been adjudged not to be recoverable in the Illinois case, before cited, of *Freese* v. *Tripp*. The second class — "means of support" — the statute provides for. What is meant by this phrase ? The plaintiff says, the earnings of the husband, and must maintain that proposition. In Ohio such a loose construction has been approved. (*Schneider* v. *Hosier*, 21 Ohio, 98.) But in the State of New York no such transcendental and socialistic construction can be sanctioned. The act cannot be presumed to contemplate damages under this description, which have no foundation in common sense or in law. By "means of support" the act can only refer to something which belongs to the party thus injured, or to which he is entitled by law ; which he can control and sue for in an ordinary action. The husband's earnings do not belong to the wife in any legal sense. (*Kilburn* v. *Coe*, 48 How. Pr., 144–147 ; 3 R. S. [5th ed.], 746, § 1 ; *Nash* v. *Russell*, 5 Barb., 556.) The fact that under certain circumstances the husband may be compelled to support his wife does not help the case. That gives her no title to his property. (*Tilley* v. *The Hud. R. R. R. Co.*, 24 N. Y., 471.)

*M. Schoonmaker*, for the respondent. The relation of wife ; the dependence upon her husband for support ; the sale of liquor by defendant ; intoxication caused thereby ; death caused by such intoxication, and injury to her means of support resulting therefrom, are all alleged and plainly stated in the complaint. Such statement covers all the grounds specified in the statute as necessary for the maintenance of the action. It is not necessary that the sale of liquor should be alleged in the complaint to be an illegal sale. (*Baker* v. *Pope*, 5 N. Y. S. C., 103.) The statute is applicable, and the right of action thereunder accrues to the wife in a case such as this, where death is the result of the intoxication, and is not confined to cases where an injury has been received not producing

death. The statute makes no such restriction; the cause of action is given for the damages sustained by reason of the intoxication. The statute expressly provides and sets up the deprivation of support and maintenance as a cause of action in behalf of the wife, and we allege such injury.

LEARNED, P. J.:

The substance of the complaint is, that Andrew B. Hayes, the plaintiff's husband, died early in the morning of July 5, 1874; that he was intoxicated in the evening and night of July fourth; that his death " was occasioned or caused in whole or in part by such intoxication; " that the defendant, by the sale and delivery to said Hayes, on the evening or night of July fourth, of intoxicating liquors, caused, in whole or in part, such intoxication; that by means of such death plaintiff has sustained damages, in being deprived of the companionship of her husband, and of the customary support and maintenance of herself and children.

This is a statutory action, under Laws of 1873, chapter 646. No injury to person or property is alleged. No injury *by* an intoxicated person is alleged. Deprivation of companionship is not by the statute a ground of action. The claim here must be that, by the death of the husband, a wife is "injured in means of support." Condensing the language of the statute (as it is claimed to be applicable to this case), we have : Every person who shall be injured in means of support, in consequence of the intoxication of any person, shall have a right of action against any person who shall, by selling or giving away intoxicating liquors, cause the intoxication, in whole or in part, of such person. The statute has been held by this court to be constitutional. (*Baker* v. *Pope*, 5 N. Y. S. C., 102.) It does not make the liability to depend on the unlawfulness of the sale. And no statute has declared giving away liquor to be unlawful. It follows, therefore, that, by this statute, the man who has done a lawful act, is required to pay damages for injuries which are not even caused thereby. This peculiarity is still more striking, in that the owner of the building in which the liquor is sold, is made liable for these injuries. It may at least be said that this statute is in derogation of common law, and should be construed strictly. Any statute should receive a strict construction. which imposes a liability for injuries indirectly,

if at all, occasioned by an act which is not forbidden by law. The question here is not whether a cause of action, arising during the life of the husband, would be lost by his death. The death is the alleged injury. No previous loss of means of support is alleged. None could have occurred. The complaint says, " that by means of such *death*, etc., this plaintiff hath sustained," etc. We have a statutory provision, giving a right of action in the case of death by wrongful act. (Laws 1847, chap. 256.) That act and the amendments thereto provide who shall have such right of action, and its extent, and for whose benefit. That action must be brought by the personal representatives, and must be based on a wrong committed. If the present action will lie, three more like it (one for each child) may be brought; there is no limit to the amount of recovery; and the defendant is liable, although he has done nothing unlawful. It should need unmistakable language in the statute to justify this result. The statute says that every person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication of any person, shall, etc. Now, certainly, to be injured in person by an intoxicated person, or in consequence of the intoxication of any person, implies that a wrongful act is done to the party suffering the injury. So, too, injury in property implies that a wrongful act is done in respect to the property. Mere loss of property, unaccompanied by any wrongful act, cannot come under the head of injury. One who can be said to be injured in person or property by an intoxicated person, must then be one who has a right of action therefor against such intoxicated person. So, too, one who is injured in person or property, in consequence of the intoxication of a person, must be one who has a right of action therefor against such person. Otherwise, the loss sustained would be what is called *damnum absque injuria.* The same meaning, too, must apply to the expression, injured in means of support by an intoxicated person, or in consequence of the intoxication of a person. That is to say, one who can be said to be injured in means of support by an intoxicated person, is one who has a right of action against such person for such injury. And one who is injured in means of support, in consequence of the intoxication of a person, is one who has a right of action therefor against such person.

What then is the meaning of the statute ? This: It is intended to throw the responsibility for injurious acts back to what is considered to be the original cause. It seeks to make the vendor or giver responsible for the injurious acts of the intoxicated person. In other words, the remote cause, that is, the vendor or the giver, is declared to be liable to make compensation for injuries, for which, previously, the proximate cause only, that is, the intoxicated person, was responsible. The statute was not intended to make those acts " injuries," which had previously not been such, but it intended to fasten the responsibility for these injuries on the vendor or giver of the liquor, instead of leaving it solely on the intoxicated man.

Thus, the *kind* of acts for which a right of action exists is not increased. Only there is an increase of the persons against whom the actions may be brought. Therefore, the statute, without specifying in detail for what acts of an intoxicated person, or for what acts done in consequence of intoxication, the vendor or giver is liable, says that when a person is " *injured* " (meaning by this when he has suffered a wrongful act, or one for which he might have maintained an action against the doer), then the sufferer may go back of the doer of the act, and may seek redress from the vendor whose sale of liquor was the remote cause. If this be not the correct meaning of the statute — if the phrase, injured in person or property or means of support is not to be construed to mean such loss as, aside from the statute, is caused by wrongful acts — then the statute is utterly vague. This construction appears to be in harmony with the ideas which led to the passage of the statute. It was seen that intoxicated men often committed great wrongs for which they were utterly unable pecuniarily to respond, and that great injury was often occasioned in consequence of their intoxication, which they could not make good in damages. And it was thought reasonable that the vendor who sold, as well as the drunkard who drank, should be liable to an action for what were " injuries " in the legal sense. We take, then, the word " *injured* " to imply a wrong, in the legal sense of the word, done by the intoxicated person, or done in consequence of intoxication ; and in that sense this plaintiff has not been injured. " The parent cannot, at common law, recover for the loss of the services of his child, nor the wife or child for the loss of the care, support and nurture of

the husband or father, where the death has been brought about by the act of another, whether negligent or willful." *Green* v. *Hudson R. R. R. Co.* (2 Keyes, 294; S. C., 28 Barb., 9), where the court say : " The mere death of a human being cannot be complained of as a civil injury, to be compensated in damages." If, then, the plaintiff's husband, being sober, had been killed by a person who was intoxicated, the plaintiff would have had no right of action for such death against that intoxicated person. Would it be reasonable to construe the statute that, although she had no right of action against the intoxicated person for the loss, yet she has such an action against the vendor who sold the liquor which remotely caused the loss ? The death of the plaintiff's husband was not, therefore, a civil injury. And this statute makes the vendor and giver of liquor liable only for civil injuries caused, or supposed to be caused, remotely by the sale or giving away by them of liquors.

It is not, probably, necessary to pass on the question, whether in any case the wages of a husband can be said to be the wife's means of support, in the sense that they belong to her, and that a diminution thereof gives her a right of action. That view was taken in *Schneider* v. *Hosier* (21 Ohio St., 98), where the court held that, as the husband was morally and legally bound to support his wife, she had a pecuniary interest in his resources. That reasoning, if carried out consistently, would seem to result in the doctrine that the wife had an interest in the property of the husband, so that she could maintain an action for injury to his property. For he is bound to support her as much out of his property as out of his wages. It would seem also to result in the further doctrine that a *creditor* was injured in " means of support" by the intoxication of a debtor. For the debtor is as much legally and morally bound to pay his creditor as to support his wife. But, without passing on that question, for the reasons given above, the demurrer should be sustained.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Order overruling demurrer reversed, with ten dollars costs, and demurrer sustained, with leave to plaintiff to amend on usual terms.