### LIPPITT v. GILMARTIN et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

FRAUDULENT CONVEYANCE.

    Where an insolvent executes a chattel mortgage to secure an antecedent debt of his wife, the conveyance is fraudulent.

Appeal from special term, New York county.

Action by James P. Lippitt against Patrick J. Gilmartin and others. From a judgment dismissing the complaint, and from decision and order for judgment thereon, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward Swann, for appellant.
John E. Brodsky, for respondents.

PATTERSON, J. The justice at special term dismissed the complaint in this action on the merits. The suit was brought by a judgment creditor of the defendant Patrick J. Gilmartin, seeking, among other things, to set aside a chattel mortgage made by the latter, and given to the defendant Bergen, as security for an indebtedness of the defendant Mary Gilmartin. This chattel mortgage was a voluntary instrument, and was given while the mortgagor was insolvent. He owed nothing to Bergen. The learned judge at special term decided that the plaintiff had failed to make out a prima facie case against any of the defendants, because it appeared "that the debt for which the chattel mortgage was subsequently given by Patrick Gilmartin while insolvent, although made without consideration moving to Patrick J. Gilmartin from any one, was an honest debt then and theretofore due from the defendant Mary Gilmartin, his wife, to Bergen." Thereupon the complaint was dismissed, and, from the judgment entered upon such dismissal, this appeal is taken.

All the elements constituting such fraud as will induce a court of equity to come to the relief of creditors, and declare void a voluntary conveyance of property made by their debtor, are found in this case. Patrick Gilmartin was indebted and was absolutely insolvent at the time the chattel mortgage was made. Nothing whatever was given to him by Bergen for the mortgage. That mortgage was executed

and delivered to secure an antecedent debt of a third party to Bergen, who relinquished nothing upon taking the mortgage. While, under the provisions of the Revised Statutes concerning conveyances made of or charges upon real or personal property with intent to hinder, delay, and defraud creditors, the question of fraudulent intent is one of fact, and the conveyance or charge cannot be adjudged fraudulent solely on the ground that it was not founded upon a valuable consideration (that is, solely on the ground that it was a voluntary conveyance), yet it has been held that such a conveyance or charge by one insolvent at the time is presumptively fraudulent. Smith v. Reid, 134 N. Y. 575, 31 N. E. 1082. In Erickson v. Quinn, 47 N. Y. 413, it is said the fact that a deed is without consideration is not of itself sufficient to make it fraudulent as to creditors, but, if the grantor is insolvent at the time, the want of consideration is a controlling fact on the question of fraud. It is more than mere evidence. It is a fact from which a fraudulent intent may be inferred. The fact of insolvency superadded to the voluntary character of the instrument would in this case authorize the inference of the fraudulent intent. It was declared in Kain v. Larkin, 131 N. Y. 307, 30 N. E. 105, that the person assailing a voluntary conveyance assumes the burden of showing that it was executed in bad faith, and that it left the grantor insolvent, and without ample property to pay his existing debts and liabilities; and that case was considered and commented upon in Guy v. Craighead, 21 App. Div. 460, 47 N. Y. Supp. 576. In the present case the bad faith is inferable from the transaction itself. The devotion of the debtor's property to the payment of the debt of a third party shows it, and the finding of the court as to insolvency is, in effect, that the mortgagor was not able to pay his debts. Enough appeared in the case to throw upon the defendants the burden of supporting the conveyance.

It is claimed that the case of Edgerton v. Thomas, 9 N. Y. 40, is authority that there was a good and valuable consideration for the chattel mortgage. That case has no application here. It was held only that the plaintiff obtained, through the instruments therein referred to, a title upon which he could maintain conversion; but the court expressly states that the question of the bill of sale and chattel mortgage being void as against creditors was not in the case, and could not be considered.

The decision and the order for judgment thereon not being appealable, the appeals therefrom must be dismissed. The judgment should be reversed, and new trial ordered, with costs to appellant to abide event. All concur.