By the Court.
Duer, J.
All the questions of law that properly arise in this case, were involved in that of the Merchants’ Bank of Boston v. The New Jersey Steam Navigation Company, (6 Howard, 344,) and were then determined by the *188 supreme court of the United States. This determination, including the reasons by which it is sustained, commands our entire assent, and had it been otherwise, we should still have yielded to its authority. The decisions of our highest national tribunal, upon questions of general commercial law, we cannot but think, ought to be regarded throughout the Union, as authoritative and controlling. Commercial law is not local or sectional, but national in its character, and its uniformity therefore a national concern, and it is only by attributing a paramount authority to the decisions of the highest court of national jurisdiction, that this desirable uniformity can be attained or preserved.
The contract in this case, between Adams & Co. and the defendants, is substantially the same, and must receive the same interpretation, as that between Harnden and the New Jersey Steam Navigation Company, in the case, by which we are governed, and conforming our decision to that of the supreme ■court of the United States, we must therefore hold: 1st. That the liability of the defendants, as common carriers, was restricted by the terms of the special agreement between them and Adams & Co., and that this restriction was valid in law.
2d. That by the just interpretation of this agreement, the defendants were not to be exonerated from all losses, but remained liable for such as might result from the wrongful acts, or the want of due care and diligence of themselves, or their agents and servants ; and, lastly,
That the plain tiffs, not having delivered their goods immediately to the defendants, but claiming through Adams & Co., are bound by the special agreement, and consequently, are not entitled to recover, unless this action could have been maintained by Adams & Co., in their own names.
These points being decided, it is obvious that the only question which remains in the case, is the question of fact, namely, whether the negligence, by which, it is admitted, that the loss was occasioned, can be justly imputed to the defendants, and if this question was properly submitted to the jury, and the verdict rendered, is sustained by the evidence, the motion for a new trial, must of necessity be denied.
It is therefore needless to consider, n hether all the positions *189 of law, that were laid down by the judge upon the trial, and to which, exceptions were taken, were strictly correct, since, if in the result, the proper question was submitted to the jury, no previous mistake of the judge, could by possibility, have had any influence upon their verdict. If he arrived at the true conclusion, that the plaintiffs were entitled to recover, if the loss was occasioned by the negligence of the defendants, and so instructed the jury ; no error in the process of reasoning, by which he reached that conclusion, can be material. And if the jury have acquitted the defendants of the negligence imputed to them, and upon the existence of which, their liability solely depended, the verdict, if not against evidence,, must be conclusive. We are not to be understood as intimating, that there was in truth any error in the charge of the learned judge, but, as there was certainly none that could have misled the jury upon the single question which it was important for them to consider, we decline to enter upon a useless discussion. It is evident that upon the trial, the counsel of neither party had just views of the law, as settled by the decision of the supreme court, in the Merchants’ Bank v. The New Jersey Steam, Navigation Company, and hence the attention of the judge was directed to questions, in relation to which, no expression of his opinion was necessary to be made, or ought to have been required ; and it is equally clear, that neither party could have been prejudiced by the opinion which he did express. The plaintiffs excepted to all that part of the judge’s charge, “ which in any aspect of the case, exonerated the defendants from liability, as common carriers,” but, if the defendants, although common carriers, were exonerated from the loss, that was sought to be recovered by force of the special agreement between- them and Adams & Co.; the error of the judge, if such he committed, in holding them not to be liable as common carriers at all, was purely verbal, and wholly unimportant, since it is not pretended that he exonerated them from any loss, for which, under the agreement, they were meant to be responsible. On the contrary, he distinctly told the jury, that, if the defendants had been guilty of the negligence which occasioned the loss, (and, which alone under the agreement, could render them liable,) the *190 plaintiffs were entitled to recover. The exception to the charge is therefore overruled, as irrelevant.
The judge told the jury, in substance, that if the hands of the boat, to whose neglect, the injury to the goods was plainly owing, were acting under the orders and direction of Gould, the messenger and agent of Adams & Co., the defendants were not responsible for the loss ; but, that they were responsible, if the hands were acting of their own accord, without reference to the wishes of Gould, and in the supposed discharge of their own duty. To this mode of stating and submitting the question of negligence, no exceptions were taken upon the trial, and it is, therefore, evident that the acts of Gould, the agent, were then considered by the plaintiffs’ counsel, as well as by the court, as those of his principals, Adams & Co. Upon the question thus submitted, it is impossible to say, that the verdict of the jury was against the evidence. There was a direct conflict between the testimony of Gould, the agent, and that of the hands of the boat, and looking merely to the number of witnesses, the weight of evidence was clearly in favor of the defendants. We have no right to say, that the witnesses for the defendants were unworthy of belief. Of their credibility, the jury were the proper and sole judges, and a verdict, which it is not denied, expressed their deliberate judgment, cannot be disturbed. To set aside a verdict, when the testimony was conflicting, and the question doubtful, would be, not an exercise of discretion, but an usurpation of power.' It has, however, been insisted, that the question of negligence was not submitted to the jury in the proper form, and that for this reason, the verdict may be justly disregarded. The judge, it is said, should have instructed the jury that, it was immaterial, whether the boatmen were acting under the direction of Gould, or in the supposed discharge of their own duty, since, upon either supposition, if the loss was occasioned by their carelessness, the' defendants were responsible for its satisfaction. The defendants were bound, it was argued, by the contract, with Adams & Co., not merely to transport the goods, but to deliver them at the place of destination. The landing of the goods, with due care, was therefore an essential part of the contract, from the *191 obligation of which, Gould had no power to discharge them. As the agent of Adams & Co., he was to receive the goods upon their delivery, at Norwich, but during the passage, he was a stranger, having no right to interfere, and consequently, the servants of the defendants, in following his directions, were guilty of a breach of duty, for the consequences of which the defendants must be liable.
It is not to be denied, that this reasoning is specious, but it is a conclusive reply, that the question which it raises, was not raised upon the trial, nor the alleged error in the charge of the judge, then made a ground of exception. In this court, it has been an invariable rule never to grant a new trial upon an exception which is taken for the first time upon the argument of the motion. (Cook v. Hill, 3 Sand. Sup. C. R., p. 351.)
We are aware that there are cases, in which the supreme court has granted a new trial, upon the sole ground, that the decision involved an error of law, which had been wholly overlooked upon the trial, and we are not prepared to say, .that cases may not arise, in which we shall deem it expedient to follow a similar course ; but we shall certainly not depart from the rule that we have hitherto followed, in any case, in which the objection that is relied upon, had it been raised on the trial, might, perhaps, have been removed by additional proof, which the party against whom the objection is urged, may have been prevented from offering by the silence of his adversary. Here, had the question been raised on the trial, it might have appeared, upon the further examination of Gould himself, that he was clothed with all the authority of his principals, and had the same control over the goods that Adams & Co., if present, would have possessed ; and it cannot be pretended, that if Adams & Co. had personally directed the landing of the goods, the defendants would have been bound to make good any portion of the loss that followed.
As the case stands, we think, we are bound to say, that the silence of the plaintiffs, upon the trial, was equivalent to an admission, that Gould possessed, in its fullest extent, the authority which is now denied to him, and that the admission thus made, cannot now be withdrawn.
Our decision, that the plaintiffs are concluded by the verdict, *192 must not be understood as implying that they are without remedy as against Adams & Co., or have lost their remedy by electing to sue the defendants. These are questions, upon which, it would be improper for us, now, to express, or intimate an opinion.
The motion for a new trial, is denied, with costs.