## NEW YORK SUPERIOR COURT.

JAMES CROW and JOHN J. KENNEY agt. GARRET BECKER and
STEPHEN D. HAIGHT.

Where in an action to recover the balance of the contract price of work done on a building, the issues tried were, 1st. Whether a sum was paid by the defendants to the plaintiff, exceeding the work actually done by him ;

2d. Whether the defendant sustained damage by the unworkmanlike and unskillful performance of such work ;

Crow agt. Becker.

3d. Whether such work was not completed within the time agreed on ; and,

4th. Whether the defendant sustained damage by the abandonment of such work by the plaintiff?

And it appearing on the trial before a jury, that the contract price for the whole work was to be $1,500 : *The Court* asked the witness (one of the defendants) under examination, the following question : *Q.* "$1,500 would be a contract for a rough job ?" Defendants' counsel objected, and excepted to this question. *A.* Yes, sir. *By the Court.* "$1,500 for a building of this dimension is little enough." Defendants' counsel excepted to this remark :

*Held,* on a motion for a new trial, that these exceptions were well taken, and entitled the defendants to a new trial, with costs to abide the event. (JONES, J. *dissenting.*

*General Term, May,* 1867.

*Before* BOBERTSON, *Ch. J.,* BARBOUR *and* JONES, *Justices.*

APPEAL from a judgment rendered at special term, and an order denying a motion for a new trial.

ROBERT N. WAITE, *for plaintiffs, respondents.*

This action was brought to recover a balance due to the plaintiffs for performing certain mason work, and furnishing materials, under a contract dated September 12th, 1860, which work was to be finished according to certain plans and specifications, given in evidence. The case, as settled by the judge who tried the cause, contains four exceptions. One of them only, relates to the rejection of evidence.

I. On the trial, the learned judge asked a witness under examination, the following question : "$1,500 would be a contract for a rough job ?" To which the witness answered : "Yes, sir." This question was objected to by defendants' counsel, and an exception taken.

The question which the judge propounded to the witness, seems obnoxious to no legal objection. It was pertinent to the issue, to inquire in respect to the character of the work to be performed, and one of the points in controversy before the jury was, whether the contract contemplated a superior or a rough job of work. The contract was silent as to the quality of the work, and referred simply to certain plans and specifications, which were given in evidence, and the times that the payments should be made. The question objected to, might have been put by counsel on either side,

Crow agt. Becker.

with perfect propriety, and the fact that it was put by the judge, cannot make it any the less legitimate. The real objection, if any could have been taken to it, should have been that the question was leading, but no court ever reversed a judgment on error or appeal, because a leading question was put to a witness. It is always within the discretion of the court to permit such questions to be put by a party to his own witness, when the interests of justice or of truth seem to require it; and surely the judge can exercise the same discretion himself. which he can depute to another. It is, therefore, submitted to the court that the objection thus considered is badly taken.

II. The learned judge, after the question referred to in the first point had been answered affirmatively by the witness, remarked that "$1,500 for a building of this dimension, is little enough." This remark of the judge, is the subject of the second exception.

The above remark of the learned judge had no influence whatever on the verdict of the jury, and cannot be made the subject of objection here. To say the most, it was an unnecessary observation, and without influence upon the trial or its results. The contract price of the building was $1,500, and there was no dispute on either side in respect to that fact. When, therefore, the remark was made by the judge, that $1,500 was little enough for such a building, it neither stated anything for or against the sum mentioned in the contract, for it conceded that to be right. It simply expressed the opinion of the judge, that the contract had been taken at a moderate price; or in other words, that the sum agreed upon was reasonable; how then can such a remark be any reason for setting aside a verdict, or ordering a new trial? The jury were not instructed to go against the contract or the contract price, nor asked to allow the contractor more than his agreement called for. It is submitted, therefore, on this second exception, that for a judge in the trial of a cause, to remark incidentally that the price mentioned in a contract for the performance of labor is reasonable, never has been, nor never will be, esteemed good cause for setting aside

a verdict. This is authoratively settled to be the law, by the court of appeals, in *Althorf* agt. *Wolf* (22 *N. Y. R.* 355).

The court held that it was not error for the judge to intimate an *opinion* on a question of fact, if the determination of it was left by him to the jury. The point had been decided in the same way by the court of common pleas. (2 *Hilton*, 314.) To the same effect is the case of *People* agt. *Stephens* (19 *N. Y. R.* 571). The learned judge who delivered the opinion, said : " The counsel also objected to the comments of the judge in reference to the letter, in his charge to the jury. The remarks of the learned judge were *certainly very strong,* but they were mere comments upon the weight of evidence, and as such, they are not the *subject of review on a writ of error.* The jury were properly instructed that they were the sole judges upon all questions of fact, as to which they should adopt their own conclusions.

III. One of the witnesses for the defense testified that he had given a certain paper to the plaintiff. He was asked by the defendants' counsel to state the contents of the paper. To this the counsel for the plaintiff objected, giving as a reason for objecting to the contents of the paper being proved, that no notice had been given to him or his client, to produce the paper in court.

The judge sustained the objection, and refused to permit the contents of the paper to be stated. To this ruling of the judge, an exception was taken.

The rule of law upon this subject is elementary, and laid down in almost every treatise on practice and evidence. In 1 *Monell's Practice*, 522, he states what the rule is, that where any paper which is in the possession of the opposite party, is necessary to be produced on the trial, notice must be given to the party in whose possession it is, or to his attorney, to produce it ; and if he neglect to do so, parol evidence may be given of its contents. No notice to produce the paper demanded, was ever given to the plaintiff or his attorney, and as the paper was not in court, the learned judge properly refused to receive parol evidence of its contents. There was, therefore, no error in the ruling on this point.

IV. The learned judge in his charge to the jury, said that "it would seem as though the price named in the contract ($1,500), would not call for a very superior class of work." This remark was objected to by the counsel for the defendants, and an exception was allowed.

It will be perceived that this exception involves no question of law, but is an objection to an abstract opinion expressed by the judge on a question of fact. It was not given as a direction to the jury, that they were to disregard the agreement made by the parties themselves, or that they were to be bound by any judgment he, the judge, entertained in respect to the facts in controversy. A judge has a legal right to state his opinion upon any controverted facts which are involved in any issue being tried before him. He must, however, be careful to let it be distinctly understood that his opinion in regard of such facts is not to be binding upon the jury, but that they, the jurors, are to be the exclusive judges thereof. This the judge in this case was careful to do, for he left the facts in the fullest and most ample manner to the jury, asking them to carefully examine the testimony upon both sides, and after having done so, to render such a verdict as was in full accordance with their own judgments. The authorities on point II, apply to this.

ALEXANDER H. REAVEY, *for defendants, appellants.*

This appeal is taken from a judgment docketed on June 2, 1866, against the appellant and in favor of the respondent, for the sum of $529.30 ; and also from an order dated April 24, 1866, denying a motion for a new trial.

I. The verdict is against the weight of evidence.

There can be no doubt but that the court at general term may examine the evidence at large, overrule the conclusions of fact to which the jury have arrived, and order a new trial upon the whole case. (*Macy* agt. *Wheeler*, 18 *Abb. R.* 73 ; *Jackson* agt. *Sternberg*, 1 *Caines*, 163 ; 1 *Graham & Waterman on New Trials*, 375.)

II. The court erred in sustaining the objection to the fol-

Crow agt. Becker.

lowing question : " In consequence of Mr. Crow not having the work completed by the 15th of October, how much did you lose on your contract with Mr. Jones?"

III. The court erred in putting the question, "$1,500 would be a contract for a rough job?"

It is submitted that the exception thereto was well taken. The question was not pertinent, and was calculated to mislead and prejudice the jury against the appellant.

IV. The court erred in making the following comment : " $1,500 for a building of this dimension, is little enough."

It is submitted that the exception thereto was well taken.

V. The court erred in excluding the question : In consequence of the delay of Mr. Crow to complete the work at the time agreed upon, what amount of damage did you sustain ?

It is submitted that this question was proper. It was put to prove and establish one of the very issues upon which the jury had to pass in determining the case.

VI. The court erred in excluding the question : Were you acquainted with the value of rentals in that vicinity during May, 1860 ? and also the defendants' offer to show the loss of rent on the building from October 15th to 6th December.

By this question and offer, it was intended to establish an issue presented by the pleadings in the case.

VII. The court erred in excluding the question : State the contents of that paper?

It was intended to prove that notice had been served upon the respondent, to the effect that the defendant would employ others to complete the work under the contract, and the amounts paid therefor would be charged to the respondent. Before this question had been propounded, the respondent upon his cross-examination, had denied having received such a notice. Besides, the respondent was apprised by the defendants' pleading, that such fact would be proved, and, therefore, it was not necessary to serve notice requiring the production of such notice. (*Forward* agt. *Harris*, 30 *Barb. R.* 338, 343 ; *People* agt. *Holbrook*, 13 *Johns.* 90 ; *Hardin* agt.

*Kretsinger,* 17 *Id.* 293 ; *People* agt. *Smith,* 20 *Id.* 63 ; *Story* agt. *Patten,* 3 *Wend.* 486 ; *Wilson* agt. *Gale,* 4 *Id.* 623 ; *Hammond* agt. *Hopping, Id.* 505 ; *Edwards* agt. *Bonneau,* 1 *Sandf.* 610 ; 1 *Greenl. on Evidence,* § 561, *p.* 694 ; *Norris* agt. *Freeman,* 3 *Wils.* 38 ; 1 *Gra. & Wat. New Trials, p.* 374.)

VIII. The court erred in charging the jury as follows : "It would seem as though the price named in the contract ($1,500), would not call for a very superior class of work."

This was not the issue that the jury were called upon to decide ; their attention was diverted from the true issue, and was calculated to prejudice the appellants' rights. (*Harding* agt. *Barney,* 7 *Bosw.* 353 ; *Harris* agt. *Wilson,* 1 *Wend.* 511 ; *Hollister* agt. *Johnson* 4 *Id.* 639 ; 1 *Graham & Waterman on New Trials,* 27, 310 ; *N. Y. Fire Ins. Co.* agt. *Walden,* 12 *Johns.* 513 ; *Tufts* agt. *Seabury,* 13 *Pick.* 140 ; 3 *Graham & Waterman on New Trials,* 724, 729 and 774.)

In *Benham* agt. *Cary* (11 *Wend.* 83), and *West* agt. *Anderson* (9 *Conn. R.* 107), the court says : "Where the charge of the court has a tendency to make an erroneous impression upon the jury, and to mislead them in their views, a new trial will be granted."

Reference is respectfully requested to the subject entitled "General Remarks," in 3 *Graham & Waterman on New Trials* (*pp.* 706, 707 and 708).

IX. The court erred in not charging the jury upon the law applicable to the facts proved, and for this reason a new trial should be granted. (1 *Graham & Waterman on New Trials,* 273 ; 3 *Id.* 708, 709, 718 ; *Morrison* agt. *Muspratt,* 12 *Moore,* 231 ; *Calbreath* agt. *Gracy,* 1 *Wash. C. C. R.* 198.)

X. It is respectfully submitted that the judgment and order appealed from should be reversed.

*By the court,* ROBERTSON, Ch. J.   Four defenses were made by the answer in this case, and of course there were as many issues to be tried by the jury.   1. Whether a sum was paid by the defendants to the plaintiff, exceeding the work actually done by him.   2. Whether the defendants sustained damage by the unworkmanlike and unskillful performance

of such work. 3. Whether such work was not completed within the time agreed on ; and, 4. Whether the defendants sustained damage by the abandonment of such work by the plaintiff.

All of such issues are presumed to have been passed upon by the jury, unless expressly withdrawn from their consideration, and every such evidence which might influence them in deciding any of such issues improperly, being illegal, should be excluded, if objected to.

In this case, a question was put to a witness (the defendant Becker), whether the price to be paid was " that on a contract for a rough job ?" To which the defendants' counsel objected, and excepted to its admission. This question evidently might have had its effect on the jury, for even the learned justice before whom the action was tried, remarked to them, " that the price named in the contract did not call for a very superior class of work ;" and the jury might have been induced to think from the admission of the evidence, that they were authorized to determine the class of work from the price paid, and were to be governed by that.

It is true, the judge in charging the jury, confined his remarks otherwise to the question of abandonment.

But he did not exclude from their consideration the other defenses in the action, in determining on which the jury might have been governed by the improper evidence already admitted, as the judge evidently was.

I do not deem it necessary in this case, to discuss the question, whether, on a motion for a new trial on a case, for misdirection of the judge, it is essential that an exception should have been taken to his charge on the trial, on the point objected to on the hearing. Although *Archer* agt. *Hubbell* (4 *Wend.* 514), seems to be decisive of it in the supreme court, sustained as it is by *People* agt. *Holmes* (5 *Wend.* 193), and *Hastings* agt. *McKinley* (3 *Code R.* 10), this court seems in *Cook* agt. *Hill* (3 *Sandf.* 341), and *Stoddard* agt. *Long Island R. R. Co.* (5 *Id.* 180), to have held differently ; but it seems also to have been governed by the

consideration that upon the whole case, the party succeeding was entitled to recover.

But for the error in admitting the testimony in answer to the question, whose admission was objected to, the defendant is entitled to a new trial, with costs to abide the event.

JONES, J., *dissenting*. This action is brought to recover a balance alleged to be due for mason work done under a contract between plaintiffs and defendants.

The defenses set up in the answer are, 1st. Payment of a sum more than sufficient to cover the value of the work actually done.

2d. Unworkmanlike and unskillful performance, to defendants' damage of $400.

3d. Non-completion within the time agreed upon.

4th. Abandonment of the work by plaintiffs, and damage occasioned thereby.

On the trial defendant Becker was called as a witness, and, among other things, asked : In consequence of Mr. Crow not having the work completed by the 15th October, how much did you lose on your contract with Mr. Jones?

Which question was objected to, and ruled out. He was then asked by the court : "$1,500 would be a contract for a rough job?"

Which question was objected to, but allowed, and exception taken.

He answered : "Yes, sir."

The court then remarked : "$1,500 for a building of this dimension, is little enough." To which remark defendants' counsel excepted.

He was then asked by his counsel : " In consequence of the delay and failure of Mr. Crow to complete the work at the time agreed upon, what amount of damages did you sustain?"

Which question was objected to, and excluded.

He was then, after cross-examination, asked on his re-direct (nothing in the cross-examination calling for the question) : ' Were you acquainted with the value of rentals in that vicinity during May, 1860?" Which was objected to. De-

fendants' counsel then offered to show the loss of rents on the building from October 15 to December 6, which was excluded.

Jonathan See, a witness on behalf of defendants, after having testified that Becker gave him a piece of paper, which he gave to Crow, was asked : " State the contents of that paper?" Which was objected to on the ground that no notice had been given for its production. The objection was sustained, and exception taken.

The parties having rested, the judge charged the jury : " This is an action on a contract for building a house. It would seem as if the price named in the contract ($1,500) would not call for a very superior class of work. But the whole case resolves itself to a question of credibility between the witnesses, of which you (the jury) are the exclusive judges. Mr. Becker, the defendant, states that Mr. Crow abandoned the work at a certain stage, and that he had to complete it. The plaintiff testified, that he completed the work agreed on in the contract, with the assistance of men whom he employed and paid. The jury will remember the testimony of these parties, and other witnesses examined, and as they credited either side, they would find for the plaintiffs or defendants.

Counsel for defendants excepted to that part of the charge which speaks of the price named in the contract, not calling for a very superior class of work.

The jury rendered a verdict for plaintiffs for $438.75.

Defendants moved for a new trial, which was denied.

Judgment having been entered according to the verdict, defendants appeal to the general term from the judgment, and the order denying a new trial. On the argument of the appeal, defendants' counsel urged that the judge erred in his rulings above mentioned ; also in the expression of his opinion above referred to, and in not charging the jury on the law applicable to the facts proved, and also urged that the verdict was against the weight of evidence.

The questions : " In consequence of Mr. Crow not having

the work completed by the 15th of October, how much did you lose on your contract with Mr. Jones?

"In consequence of the delay of Mr. Crow to complete the work at the time agreed upon, what amount of damages did you sustain?

"Were you acquainted with the value of rentals in that vicinity during May, 1860?" were properly overruled, and the offer accompanying the last question, to show the loss of rent on the building from 15th October to 6th December, was properly excluded.

The first two questions call for a decision by the witness, on mixed questions of law and fact. It is not every loss which a party may deem himself to have sustained by a breach of contract, that will be regarded as damages by the law. Yet by the second question, he is necessarily asked to determine how much, and what damages he is to recover; and by the first question he is to determine that there was a loss by reason of non-performance by plaintiffs. These are matters to be determined by the jury, under direction of the judge.

I think it highly improper to have a whole issue decided, both as to the law and the fact, by answers to general questions. It is true, the other side may, by a skillful cross-examination, show precisely in what manner the witness arrives at his estimate, and thus save himself from being charged with improper items. But as it devolves on the party claiming damages to prove them, I see no reason why it should be made easy for him by swearing to generalties, to give *prima facie* evidence as to the amount he ought to have, and cast on the other side the difficult task of getting rid of the effect of this general swear, by eliminating through the medium of the long cross-examination, the sources of knowledge from, and the basis on which the estimate is made, and the items composing it.

The third question, and the accompanying offer, did not go far enough. As Mr. Jones suffered the loss of rent (if there was any), defendant could not in any event be allowed that loss, unless he showed that he was compelled to deduct

it from his contract price with Mr. Jones. This he did not propose to show.

But there is another objection. Defendant had closed the direct examination of the witness; the witness had been cross-examined, and the defendant prepared to re-open the direct on a matter not touched on in the cross-examination. It was in the discretion of the judge either to allow or disallow such re-opening. He refused to allow it. I see no reason for interfering with such exercise of his discretion.

Defendant's counsel asks the following question: State the contents of that paper? An objection to the question was sustained, and an exception taken. No notice to produce the paper had been given. To avoid the effect of this, defendant says the pleadings notified plaintiff that this paper was relied on. All that is in the pleadings on this subject, is the allegation " that due notice was given to the plaintiff." Whether written or verbal, is not stated. It might be either, and yet be due. This allegation, surely, cannot be said to put the plaintiff on guard that a written notice is relied on.

Again, defendant says, plaintiff in his testimony on the trial denies ever having received such notice, and denies having possession of it; consequently, a notice to produce would be superfluous. I do not so understand the testimony. The plaintiff says he cannot swear that such notice was not served on him; he only says, it was not, to his knowledge. If notice to produce had been given, he could have examined his papers, and have been prepared either to produce or deny that he ever had it, or admit that he had it, but lost it; or denying all knowledge of it, also deny that it is in his possession.

A want of present knowledge as to the service or possession of a paper, arising perhaps wholly from not having made search for it, cannot excuse the necessity of giving a notice to produce, the object of which is, to give the party so noticed an opportunity to look for the paper, and to produce it if he has it, and sees fit so to do.

A reversal cannot be had by reason of an error (if any such there be), in putting the question: "$1,500 would be

a contract for a rough job?" or in the court's making the remark, "$1,500 for a building of this dimension, is little enough;" or in the observation by the judge in his charge : " It would seem as though the price named in the contract, would not call for a very superior class of work ;" because the evidence elicited by the question, and the remarks made, had not the slightest bearing on the issue presented to the jury, and could not possibly have affected their verdict thereon.

The evidence and the remarks, bore solely on the question of the value of the work done, and the degree of workmanship and skill required by the contract ; while the only question left to the jury to pass on, was whether the plaintiff had abandoned the work before its completion or not.

It is urged that the verdict is against the weight of evidence. The verdict rendered was that plaintiff had not abandoned the work, but had completed. As this was the only matter left by the charge to their consideration, it is absurd to say they rendered a verdict upon any other ; and it would be equally absurd to say, that because the evidence on an issue, which was not left to them, required a verdict for defendant, therefore, their verdict in favor of plaintiff, on an issue which was left to them, is against the weight of evidence.

The only question then on this point is, whether the evidence on the subject of the abandonment of the work, is such as to call for setting aside the verdict, as being against the weight of evidence.

The evidence on that point was quite conflicting. I understand the rule to be, that when a jury have by their verdict settled such conflict of evidence, their verdict will be regarded as conclusive, and will not be disturbed, because from the written or printed testimony the court think the preponderance of evidence to be contrary to the verdict, or would have been better satisfied with a verdict the other way. This case exemplifies the soundness of the rule. Upon the printed case before me, it would be exceedingly difficult to pass on the question, while if I had presided at the time, I should

Crow agt. Becker.

probably have had no difficulty in arriving at a conclusion. Such conclusion might have been in unison with the verdict, and perhaps it might not.

The jury had better opportunities for arriving at a correct conclusion than the general term has, and it is impossible for this court to say, under the evidence in the case, that the conclusion they did arrive at was incorrect.

The remaining point raised on this appeal is, that the judge erred in not charging the jury upon the law applicable to the facts proved.

He did charge on the issue of abandonment, and correctly. He did not charge on the other issues, nor was he requested to. Defendants' counsel not having requested a charge on the other issues, cannot now claim that there were other issues which should have been submitted to the jury.

If this were a pure bill of exceptions, it is evident that defendants could not now take such objection, simply because there is no exception which covers it. But it is a case and bill of exceptions combined, and it is claimed that the fact of the motion being for a new trial on a case, entitles the defendants now to take this objection, although it was not taken at the trial. I think it does not, and in support of my views might rely on the cases of *N. Y. and Erie R. R. Co.* agt. *Cook* (2 *Sandf.* 732); *Cook* agt. *Hill* (3 *Sandf.* 341); *Stoddart* agt. *L. I. R. R. Co.* (5 *Sandf.* 180); *Jackson ex dem. Beekman* agt. *Stephens* (13 *J. R. p.* 495).

In *Jackson ex dem. Beekman* agt. *Stephens*, the defendant moved for a new trial on a case. The evidence was pretty strong in favor of defendant on the question of adverse possession. But that question was not submitted to the jury. There did not appear to have been objection made on the trial to such non-submission, nor any request preferred to have it submitted. The court held, that it must be presumed that such defense was abandoned on the trial.

This case is on *quatuor pedibus* with the one at bar, and I have been unable to find any case that directly or indirectly overrules it. But I will proceed to examine the claim. It is based on the general proposition that on a motion for a

new trial made on a case, any objection may be raised, although not made at the trial. I can find no authority for this proposition. On the contrary, the law seems to me well settled, that no objection can be urged on a motion for a new trial on a case, which was not taken at the trial.

The English practice in this respect, is laid down thus : " If the judge incorrectly reject a competent witness, or admit the evidence of one that is incompetent; or mistakes the law, or misdirects the jury in any respect, so that the client might be prejudiced, it is the duty of the leading counsel immediately to state the objection, and if he do not, the court will not, *on motion,* grant a new trial. It is imperative on counsel to object if at all, at the time, or lose the effect of the objection, and be precluded from supporting a motion for a new trial. It is sufficient, however, to merely suggest the objection to the judge, and present the point concisely." (*Chitty's General Practice, vol.* 3, *p.* 915.)

At the time this doctrine was laid down, there were under the English practice, two modes of correcting errors at trial. One by a motion for a new trial, which was similar to our motion for a new trial on a case, and in respect to which the above principles were laid down, and the other by bill of exceptions and writ of error, which was similar to our appeal upon exceptions. And it is stated to have been the pratice of one of the learned English judges, when he thought the point raised of sufficient importance, not to put the party to the delay of a motion for a new trial, but to suggest the tendering of a bill of exceptions, so that a writ of error might go at once. (*Chitty's General Practice, vol.* 3, *p.* 915.) A practice which is similar to ours of ordering exceptions to be heard in the first instance at general term.

To pass to our own country, *Graham,* in his book on *Practice,* at page 293, lays down the rule, that on a motion for a new trial on a case, the court will not take notice of an objection not raised at the trial. This rule does not depart from, but follows the English practice.

*Graham* lays down the above mentioned case in 13 *J. R.,* page 495, as the authority for this proposition. At first blush

it might appear that this case was not authority for the position, but on a close inspection it will be found that it is.

It was held that by reason of the non-submission of a question to the jury, the court must presume it was abandoned at the trial. It is evident that such presumption could only be deemed to have arisen, from the fact of no objection having been raised below to the non-submission of the question, and no request having been made for its submission. The non-objection, is the cause from which the court deduced the effect of a presumption of abandonment.

The same remarks will apply, and are to be understood as applying, without repetition, to other cases, where from the same cause, the courts deduce the effect of an acquiescence in a ruling or decision, or in a certain disposition of a case, or of a presumption of an assumption by both parties at the trial, of the existence of a fact, or a presumption of a consent at the trial to substitute the judge for the jury, in the determination of all, or some of the disputed questions involved.

Thus, in *Ford* agt. *Monroe* (20 *Wend.* 210), the defendant was not allowed to argue, as a cause for new trial, that the proof was insufficient to establish that the servant was acting in the business of the master, because it was assumed at the trial that the proof was sufficient.

So in *Beekman* agt. *Bond* (19 *Wend.* 443), it was held that the point, that the value had not been paid for a boat, could not be urged, because on the trial it was assumed it had been paid.

Both these cases were motions for a new trial on a case, and in both the court refused to hear an objection that certain matters were not proved, on the ground that it was assumed at the trial that they were proved. But how did the court arrive at the conclusion that there was such assumption? Only from the fact that on the trial attention was not drawn to such want of proof, by objection or otherwise. These cases, therefore, carry out the English practice

before referred to, and our practice, as laid down in *Graham* and the case in 13 *J. R.*

There are many other cases of the same character as those above cited from *Wendell,* but it is needless to refer to them.

I have been unable to find a single authority in this state antagonistic to the existence of the general rule thus laid down in the English practice, in the standard book on practice of this state (*Graham's*), and the decisions above referred to.

There are three cases which, on a cursory view, might appear to be antagonistic, but are not in fact. They are *Archer* agt. *Hubbell* (4 *Wend. p.* 514); *People* agt. *Holmes* (5 *Wend. p.* 191); *Scott* agt. *Lillienthal* (9 *Bosw. p.* 224).

I will examine them in inverse order.

In the case in 9 *Bosworth,* the learned judge who delivered the opinion of the court, after deciding that no exception had been taken sufficiently covering the objection raised, so as to permit a new trial to be granted on a bill of exceptions, held that what transpired on the trial was sufficient to amount to taking such objection to the reception of evidence, as would authorize the court to grant a new trial upon a case. This decision accordingly comes within the general rule, which does not require an *exception* for the purpose of founding a motion for a new trial on a case, but simply that the point shall have been raised on the trial, by objection or otherwise.

In 5 *Wendell,* 191, the court held that the point had been raised at the trial by objection to the defense, and having once been raised, need not be reiterated by an objection to the charge submitting such defense to the jury, and the court says: " If they had stood by in perfect silence, and heard the judge submit to the jury a matter of defense which was excluded by the pleadings, the court might not listen to them on a motion for a new trial for that cause."

As the case was disposed of on the ground that a sufficient objection had been taken, it was unnecessary to decide what rule would have been applicable if no objection had been

Crow agt. Becker.

raised, and the court did not decide what rule would be applied, but intimated that in such case the objection would not be listened to. This case is then, to some extent, authority in favor of the general rule.

The case of *Archer* agt. *Hubbell* (4 *Wend.* 514), does not seem to have been reported with a view to the point under discussion, as the only statement concerning it is contained in the reporter's note as to what an oral decision on the argument was. It consequently does not appear whether any, and if any, what objections were raised at the trial. The point made was, that objections to the charge could not be raised, because the charge was not *excepted to*, and the court held that such rule only applied to bills of exceptions. This ruling is undoubtedly correct. The distinct point made was, that on a case a charge could not be reviewed unless there were *exceptions*. This point the court met, holding that the doctrine of *exceptions* was only applicable to bills of *exceptions*. To this extent, and to this extent only, is the case authority, and in this view of it is perfectly consistent with the general rule above laid down, relative to motions for new trials on a case. By that rule, it was never necessary that *exceptions* should be taken, but simply that the points relied on for a new trial, should have been raised at the trial by objection or otherwise.

The point taken in 4 *Wendell*, was not that the question had not been raised at the trial, but that no exception had been taken to its decision. Whatever misapplication there may be as to the existence of a rule that on motion for a new trial on a case, no objections can be heard unless raised at the trial, seems to me due to a hurried reading of the case in 4 *Wendell*, and a failure to recognize the broad distinction between exceptions and objections; a distinction not new, but well recognized by the English and our practice.

There is, however, an exception to the general rule, which is, that where there are objections, by reason whereof the party who has obtained a verdict can, in no possible event, and under no possible circumstances, be entitled to it, in that action, a new trial will be granted, on the ground of

such objections, although they were not taken at the trial. (*Rich* agt. *Penfield*, 1 *Wend.* 380.

Here I will refer to a remark made by the court, in the above cited case of *Beekman* agt. *Bond* (19 *Wend.* p. 444), viz : "The party cannot now make an objection, which, if taken at the proper time, might have been answered."

Language of the same import, is used in the above cited case of *Ford* agt. *Munroe* (20 *Wend.* p. 210), and in numerous other kindred cases. It might be urged that by this language the courts meant to lay down as the general rule, that on a motion for a new trial any objection may be urged, although not taken at the trial, and as the exception to the rule that such objection as might have been obviated, could not be urged.

I think the argument unfair and unsound ; as the objections which can be obviated are immensely more numerous than those which cannot be, the argument would make the *exceptions* have a more extended application than the general rule.

Again, as the general rule that all objections must be raised at the trial, was well settled in the English practice and our own, before the decisions in which the language under consideration is used, it cannot be overturned by inference drawn from mere peculiarity of phraseology.

The fair and just interpretation of the language is, that it is simply designed to point out the exception ; to decide that the case in hand does not fall within it, but that the general rule requiring all objections to be raised at the trial applies.

From this review, I am satisfied that upon authority, the decisions of Chief Justice OAKLEY, in the *New York and Erie R. R. Co.* agt. *Cook* (2 *Sandf.* p. 732), that a party cannot move for a new trial on a point not taken at the trial, if it be such as might have been obviated by proof, if it had been raised ; and the decisions of the same chief justice in *Cook* agt. *Hill* (3 *Sandf.* p. 341), and of Judge DUER, in *Stoddart et al.* agt. *L. I. R. R. Co.* (5 *Sandf.* p. 180), that an

Crow agt. Becker.

objection to the charge cannot be taken for the first time on the motion for a new trial, are correct.

I am aware that the court in the last two cases, suggest that a different rule obtains in the supreme court. I have not been referred to and am unable to find any case in that court establishing a different rule. It is true, that court has established the exception above referred to, but I do not understand this court to repudiate it.

There may possibly be another exception to the rule (although I do not regard it as well settled), which is, where the judge charges correctly, but the language used is such as tends to mislead, and has in fact, misled the jury. This may be admitted as an exception, on the ground that it cannot be ascertained that the jury has been misled until after the rendition of the verdict, at which time an objection comes too late.

Thus, upon authority, the general rule is well settled, that on a motion for a new trial on a case, the court will entertain no objection not raised at the trial ; and the exception to it, that they will entertain an objection, which, if taken, could not have been obviated ; or in other words, an objection by reason whereof the party obtaining the verdict, can in no possible event, and under no possible circumstances, be entitled to it in that action, is also well settled.

The rule, it appears to me, is based on sound principles. To allow a verdict to be set aside for errors in the admission or rejection of testimony, or in charging or not charging the jury, where such errors were in no manner pointed out, suggested or objected to on the trial, would not only be unfair to the judge who tried the cause, but would tend to lead some counsel to suffer error to be committed for the purpose of setting aside a verdict, if it should happen to be unfavorable ; and others to negligently prepare themselves, depending upon their general ability to put in, or offer to put in, such evidence as should, in any aspect of the case, be sufficient, and if the verdict be against them, then employ other counsel to pick out flaws on which to obtain a reversal.

Although a party may have no right to urge an objection not taken at the trial, still the court may possibly, in a case of gross injustice, of its own motion set aside a verdict, for objections not taken at the trial. Indeed, in one case, *People* agt. *Barnes* (12 *Wend.* p. 492), the supreme court went further, and set aside a nonsuit and ordered a new trial, although they held that the nonsuit was properly granted; and this was done for the reason, as stated in the opinion, that the plaintiffs had fallen into an error in their construction of the statute, and might have a good cause of action in point of fact. There is stated in the head note, but not in the opinion, the additional reason, that the court has reason to believe that without such relief the cause of action would be lost.

I do not propose to discuss the subject as to what power a court posseses in granting new trials, of their own motion; whether it is a wholly unrestricted power, or whether there are any, and if so, what restrictions.

It is sufficient to say, that this case does not present such features, as to call on the court to exercise, on its own motion, any prerogative it may have.

The main issue in the case, viz.: abandonment, was properly *submitted to the jury, and I see no reason for dis*turbing their verdict on that issue.

With reference to the issue of non-completion by the day, there was no proof of any damages arising therefrom, and, therefore, there was nothing to submit to the jury.

On the issue as to unworkmanlike and unskillful performance (on the decision of which issue, that of payment to the extent of the value of the work, necessarily depends), there was general evidence on the part of plaintiff that the work was done in a workmanlike manner, and was better than ordinary work; while on the part of the defendant, there was general evidence that the work was rough, and not workmanlike. The only matters particularized, however, were that by the settling of one of the piers, a stone was broken, causing a damage, according to defendant, of $30 or $40; according to plaintiff, about $5.50; and by reason of

bad workmanship a chimney had to be taken down and rebuilt, at a cost of $15.

Plaintiff admits the settling of pier, but says it was the fault of the ground, for which he is not accountable; and he denies that any of his work had to be taken down and rebuilt.

There is a conflict of testimony; the plaintiff is just as likely to be correct as the defendant. Indeed, the jury having on another issue, the conflicting testimony on which was left to them, found for the plaintiff, it is but fair to assume, in considering whether the court should, of its own motion take action, that the plaintiff is more likely to be correct on this issue than the defendant, and that the jury if it had have been left to them, would have so found. Conceding that the court can, of its own motion, interpose and grant a new trial for objections not taken at the trial, the circumstances of this case do not call for the exercise of such power; if they do, there is no case in which the court might not be called on to exercise such power, for a weaker case than this, can scarcely be imagined.

I am of opinion, for the reasons assigned, that the judgment should be affirmed, with costs.